BENJ. LOMBARD, JR., &c., Plaintiffs in Error, *v.* LUTHER D. CLARK, Defendant in Error.

*Practice—Default.*—Where the defendant is brought in by publication and fails to appear, an interlocutory judgment should be entered, which should be made final at the succeeding term. Where the defendant fails to appear, the court has no authority to try the case upon its merits.

*Error to Linn Circuit Court.*

*W. H. Brownlee,* for plaintiff in error.

BATES, Judge, delivered the opinion of the court.

This was a suit to enforce specific performance of a contract for the sale of land.

The defendant, being nonresident, was notified of the suit by publication in a newspaper, and failing to appear, it was " ordered and decreed by the court that the plaintiffs do recover and have judgment against defendant, and have an inquiry of damages at the next term of the court, and this matter is continued." (No damages were prayed by the petition.)

At the next term this entry of judgment was made: "Come now the plaintiffs in this cause by their attorneys, and having produced their evidence to the court, and the court having fully considered the evidence so adduced and plaintiffs' petition, it is therefore ordered and decreed by the court that plaintiffs' petition be dismissed, and that the defendant recover his costs herein."

This judgment cannot be sustained. Upon the defendant's failure to appear to the action within the time prescribed by law, an interlocutory judgment should have been given against him by default, (but no award of inquiry of damages,) and at the next term the judgment should have been made final, giving the relief asked in the petition.

After the judgment by default, and without any appearance by the defendant, the court had no power to try the case on its merits and render a judgment in favor of the defendant on the merits and for the recovery of costs.

Judgment reversed and cause remanded; Judges Bay and Dryden concur.